## PERKINS GLUE CO. v. HOLLAND FURNITURE CO. et al.

(District Court, W. D. Michigan, S. D.    July 8, 1921.)

**Patents** ⊕328—**Reissue 13,436, for wood glue and process of manufacture, held valid and infringed.**

The Perkins reissue patent, No. 13,436, for wood glue, process claims 13 and 38, and product claims 28, 30, and 31, *held* valid and infringed.

In Equity. Suit by the Perkins Glue Company against the Holland Furniture Company and others. Decree for complainant.

Knappen, Uhl & Bryant, of Grand Rapids, Mich. (Gorham Crosby, of New York City, of counsel), for plaintiff.

Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich. (Rector, Hibben, Davis & Macauley and Russell Wiles, all of Chicago, Ill., of counsel), for defendants.

SESSIONS, District Judge. The evidence in this case is substantially the same as that in the cases of Perkins Glue Co. v. Hood and Wright and Same v. West Michigan Furniture Co., 279 Fed. 454, heretofore heard and decided by this court. Indeed, for the most part, the record in the former cases has been "dumped" bodily into this one. Therefore the decision and decrees in the earlier cases are controlling here. The only substantial difference between the former cases and the present one is found in the method of producing a part of the base used by the defendant Holland Furniture Company in the production of its glue. In the Hood and Wright and West Michigan Furniture Company Cases, the glue base used by the defendants was produced by the manufacturer by mixing commercial starches of different grades and kinds and so procuring a starch base of the required degree of degeneration.

In the present case, a part of the glue base used by defendants has been produced in the same way and by the same manufacturer; but another part has been produced by another manufacturer, by selecting a single grade and quality of commercial cassava starch and merely sifting out the impurities therein contained. Manifestly the resultant glue base is the same, whether consisting of a mixture of starches of different degrees of degeneration or of a single starch of the same degree of degeneration as the mixture. Defendants' final product is obtained by subjecting the glue base to the treatment described in the patent as the second or final step of the patented process, and is identical with the glue of the patent, and while, probably, there is not such a complete independence of product and process in the product claims

as is contended for by plaintiff, defendant Holland Furniture Company does so combine product and process in the preparation of its glue as to infringe the product claims of the patent.

In compliance with the promise made in its answer to one of the interrogatories propounded, defendant Holland Furniture Company furnished to plaintiff what is claimed to be a fair sample of the base used by it in the production of its glue. The sample of glue base so furnished has been tested and analyzed by plaintiff's expert, who testifies that the starch of which it is composed has been degenerated as required in the process claims of the patent. Testimony based upon an analysis of a single sample is not entirely satisfactory, and ought not to be accepted as conclusive. If defendants' glue base consists of a starch which has been degenerated as described in the patent, the process claims declared upon are infringed. On the other hand, if the starch base has not been so degenerated, the process claims are not infringed. Further proof upon this question may be taken by either party upon the accounting.

A decree will be entered, finding each of the claims declared upon valid and infringed by the Holland Furniture Company, granting an injunction, directing an accounting, and referring the case to John S. Lawrence, master in chancery, for such accounting. The evidence does not warrant a decree against the individual defendants, and as to them the bill will be dismissed. Plaintiff will recover from the Holland Furniture Company its costs of suit, to be taxed.